Claudia **MAGANA–CAMPOS**,
Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–70256.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed July 1, 2009.

Michael Franquinha, Aguirre Law Group APC, Phoenix, AZ, for Petitioner.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Andrew B. Insenga, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Claudia Magana–Campos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Magana–Campos' motion to reopen because the successive motion was filed more than 44 months after the BIA's August 26, 2003 order sustaining the government's underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Magana–Campos failed to establish grounds for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"). Magana–Campos' due process claim therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for due process violation).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.